FILED
LORAIN COUNTY

2016 AUG 11  P 1: 17

COURT OF COMMON PLEAS
TOM ORLANDO

IN THE COURT OF COMMON PLEAS
LORAIN COUNTY, OHIO

16 CV 190233

| | |
|---|---|
| PELE SMITH<br>1660 East 29th Street<br>Lorain, OH 44055 | ) CASE NO.<br>)<br>) JUDGE  JUDGE RAYMOND J. EWERS |
| | ) |
| Plaintiff | ) |
| | ) |
| -v- | ) |
| | ) |
| CITY OF LORAIN<br>200 West Erie Avenue<br>Lorain, OH 44052 | ) |
| | ) |
| | ) COMPLAINT |
| and | ) (Jury Demand Endorsed Hereon) |
| | ) |
| CEL RIVERA, in his Official<br>Capacity as an Employee of<br>the City of Lorain | ) |
| | ) |
| and | ) |
| | ) |
| ZACHARY FERENEC, Individually<br>and in his Official Capacity as an<br>Employee of the City of Lorain | ) |
| | ) |
| and | ) |
| | ) |
| TIMOTHY THOMPSON, Individually<br>and in his Official Capacity as an<br>Employee of the City of Lorain | ) |
| | ) |
| and | ) |
| | ) |

MICHAEL GIDICH, Individually )
and in his Official Capacity as an )
Employee of the City of Lorain )
)
   and )
)
MIGUEL SALGADO, Individually )
and in his Official Capacity as an )
Employee of the City of Lorain )
)
      Defendants )
)

## INTRODUCTION

1.  This is a civil rights action stemming from an incident which occurred in the City of Lorain, Ohio on September 4, 2014 during which Plaintiff was arrested by Lorain Police Officers and was assaulted, battered and had his face brutally smashed into the windshield of a City of Lorain police cruiser with such force the cruiser's windshield was caused to shatter. Plaintiff seeks compensatory damages, punitive damages, attorney fees and costs incurred in this action.

2.  Plaintiff asserts claims under Title 42, § 1983 of the United States Code for violations of his right to be free from unreasonable searches, seizures and excessive force under the protection of the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.  Plaintiff asserts a § 1983 claim against Defendant City of Lorain, Ohio ("City") for failure to properly train and/or supervise its police officers and for promulgating customs, policies, and/or supervise its police officers, and for procedures which proximately caused the violation of Plaintiff's federal constitutional rights, all under the authority of *Monell v. New York City Dept. of Social Services,* 436 U.S. 658 (1978).

4.  Plaintiff asserts pendant state law claims for gross negligence, reckless/negligent supervision and reckless/negligent hiring.

## JURISDICTION AND VENUE

5. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 1343 which confer original jurisdiction on Federal District Courts in matters to redress the deprivation of rights, privileges and immunities under the United States Constitution.

6. Pendant jurisdiction over state law claims is confirmed by 28 U.S.C. § 1367.

7. Venue is placed in the Eastern Division, Cleveland Divisional Office of the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. sec. 1391(b) and Local Rules of United States District Court for the Northern District of Ohio, Eastern Division.

8. At all times relevant to this complaint, Defendants acted under color and pretense of law, to with: under color of the statutes, ordinances, regulations, customs and usages of the State of Ohio and City of Lorain.

9. At all times relevant to this complaint, Defendants engaged in the illegal conduct herein mentioned to the injury of Plaintiff, and deprived Plaintiff of his rights, privileges and immunities secured to him by the Fourteenth Amendment to the Constitution of the United States and the laws of the United States and the State of Ohio.

10. All Defendants are "persons" for purposes of 42 U.S.C. sec. 1983.

## PARTIES.

11. At all times relevant, Plaintiff was and is a citizen of the United States of America, residing in the City of Lorain, Ohio.

12. City is, and at all times relevant hereto, a municipal corporation, duly organized as a chartered subdivision of the State of Ohio, located in the County of Lorain, with the capacity to sue and be sued. One subdivision of City is the City Police Department ("Department"). City employs, pays compensation for, controls, supervises and directs all personnel of City and Department,

including without limitation the individually named defendants.

13. Defendant Cel Rivera ("Rivera") is and was at all times relevant, the Chief of Police for City. At all times relevant, Rivera was a policy maker for City, charged with the non-delegable duty to adequately and properly train and supervise police officers employed by City.

14. Defendant Zachary Ferenec ("Ferenec") is and was a police officer employed by City, acting under the color of law within the course and scope of his employment. Ferenec is sued herein in his individual and official capacities.

15. Defendant Timothy Thompson ("Thompson") is and was a police officer employed by City, acting under the color of law within the course and scope of his employment. Thompson is sued herein in his individual and official capacities.

16. Defendant Michael Gidich ("Gidich") is and was a police officer employed by City, acting under the color of law within the course and scope of his employment. Gidich is sued herein in his individual and official capacities.

17. Defendant Miguel Salgado ("Salgado") is and was a police officer employed by City, acting under the color of law within the course and scope of his employment. Salgado is sued herein in his individual and official capacities.

18. Whenever and wherever reference is made in this complaint to any act by City, Department, Officers/City Employees or Individuals, such allegations and reference shall also be deemed to mean the acts and failures to act of City, Department, Officers/City Employees and Individuals (Defendants) acting individually, jointly, or severally.

<u>FACTS</u>.

19. On September 4, 2014 Plaintiff was lawfully walking on East 34th Street in the City of Lorain, Ohio.

20. Thompson and Gidich were on patrol in that area in an unmarked police vehicle.

21. Thompson and Gidich decided to stop Plaintiff and approached him in the unmarked police vehicle and ordered him to walk over to their vehicle.

22. Plaintiff complied with the officers' order and walked to their vehicle.

23. Upon reaching the unmarked vehicle, Plaintiff raised his hands.

24. The officers exited their vehicle and without provocation grabbed Plaintiff and violently took him to the ground.

25. Once on the ground, Plaintiff was handcuffed and instructed to sit on the curb near the unmarked police vehicle.

26. Ferenec arrived on the scene in a marked City police car and approached Plaintiff who was seated along with Thompson and Gidich who were standing near Plaintiff.

27. Ferenec, along with Thompson and Gidich, raised Plaintiff to his feet and Ferenec walked him to his patrol car.

28. Upon reaching Ferenec's vehicle, Plaintiff was grabbed by Ferenec and without provocation, slammed Plaintiff's face into the windshield of his patrol car, shattering the windshield.

29. Ferenec, along with Gidich, then put Plaintiff into the back of Ferenec's patrol car.

30. Gidich also entered the back of Ferenec's patrol car and began to taunt and insult the bleeding Plaintiff during transport.

31. Most of the incidents described above, including the use of excessive force on Plaintiff were recorded on Ferenec's patrol car's dash cam.

32. Salgado also arrived on the scene at or near the same time as Ferenec and observed the treatment of Plaintiff described above.

33. At no time during the assault on Plaintiff by the officers, did Salgado attempt to intervene to stop the excessive force being used on Plaintiff.

34. Salgado acted with deliberate indifference to the excessive force used on Plaintiff.

### FIRST CLAIM FOR RELIEF
(42 U.S.C. § 1983 Against Defendants Ferenec, Thompson and Gidich for Excessive Force in Violation of the Fourth Amendment)

35. Plaintiff realleges each and every allegation contained in the preceding paragraphs of his complaint as if fully rewritten herein and further states and alleges as follows:

36. At the aforementioned times and places, Ferenec, Thompson and Gidich, (collectively, "Officers") acting under color of law and within the course and scope of their employment as police officers with City, used unnecessary, unreasonable, outrageous, and excessive force on Plaintiff in violation of his rights guaranteed by the Fourth Amendment.

37. Officers' use of unnecessary, unreasonable, outrageous, and excessive force, as described herein, constitutes wanton, willful, reckless, unjustifiable, and malicious conduct warranting the imposition of exemplary punitive damages.

38. Faced with the circumstances present at the aforementioned times and places, reasonably prudent law enforcement officers/personnel would or should have known the use of force described herein violated Plaintiff's clearly established Fourth Amendment rights to be free from unreasonable and excessive uses of force and seizures.

39. As a direct and proximate result of Officers' uses of force in violation of Plaintiff's Fourth Amendment rights, Plaintiff sustained economic and non-economic damages, including, but not limited to, physical injury and physical and emotional pain and suffering which will continue into the future.

WHEREFORE, Plaintiff prays for judgment against Officers, jointly, severally and

individually, for:

    a.     Compensatory damages in an amount that will fully and fairly compensate him for his injury, damage and loss;

    b.     Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

    c.     Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

    d.     All such other relief which the Court deems appropriate.

### SECOND CLAIM FOR RELIEF
(42 U.S.C. § 1983 Against Defendants Ferenec, Thompson and Gidich
for False/Wrongful Arrest/Imprisonment in Violation
of the Fourth and Fourteenth Amendments)

40. Plaintiff realleges each and every allegation contained in the preceding paragraphs of his complaint as if fully rewritten herein and further states and alleges as follows:

41. Officers lacked probable cause for their warrantless arrest of Plaintiff on September 4, 2014.

42. Defendant was detained and held by Officers against his will and without lawful justification on September 4, 2014 through the time he was released after his arrest.

43. Officers, acting under color of state law, and within the course and scope of their employment as police officers with City, detained, arrested, and held Plaintiff against his will without probable cause or lawful justification in violation of Plaintiff's clearly established rights guaranteed under the Fourth Amendment.

44. In arresting, detaining, or otherwise holding Plaintiff against his will under the circumstances at issue, Officers acted wantonly, willfully, recklessly, without justification, and maliciously, warranting the imposition of exemplary punitive damages.

45. Faced with the circumstances present on September 4, 2014, reasonably prudent law

enforcement officers/personnel would or should have known that arresting, detaining and/or holding Plaintiff against his will violated his clearly established Fourth and Fourteenth Amendment rights.

46. As a direct and proximate result of his unlawful/wrongful/false arrest, Plaintiff sustained economic and non-economic damages, including, but not limited to, physical injury and physical and emotional pain and suffering which will continue into the future.

WHEREFORE, Plaintiff prays for judgment against Officers, jointly, severally, and individually, for:

    a.     Compensatory damages in an amount that will fully and fairly compensate him for his injury, damage and loss;

    b.     Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

    c.     Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

    d.     All such other relief which the Court deems appropriate.

### THIRD CLAIM FOR RELIEF
(42 U.S.C. § 1983 Against City and Rivera for Customs and Policies
Causing Constitutional Violations)

47. Plaintiff realleges each and every allegation contained in the preceding paragraphs of his complaint as if fully rewritten herein and further states and alleges as follows:

48. On information and belief, Ferenec, Thompson, Gidich and Salgado have a history of violating citizens' constitutional rights, using excessive force, making warrantless searches, entries, and arrests without probable cause, and arresting and charging citizens with criminal offenses which are not supported by probable cause, about which Rivera and City are, and were at all times relevant, aware.

49. On information and belief, Rivera and City failed to adequately and properly supervise Ferenec, Thompson, Gidich and Salgado.

50. Rivera and City ratified the conduct of Ferenec, Thompson, Gidich and Salgado described herein.

51. On information and belief, Rivera and City implemented customs and policies for training and supervision of City's police officers on the use of force, warrants, entries, searches, seizures, lawful arrests, and criminal prosecution/pursuing criminal charges supported by probable cause that, on their face, violate the Fourth and Fourteenth Amendments. Alternatively, on information and belief, Rivera and City implemented otherwise facially valid customs and policies in such a manner that constitutional violations were likely to be and were visited upon residents and/or visitors of City, including Plaintiff.

52. As a direct and proximate result of Rivera and City's customs and policies described herein, which violate the Fourth and Fourteenth Amendments on their face, or otherwise are applied in such a manner that Fourth and Fourteenth Amendment violations are likely to and do occur, Plaintiff sustained economic and non-economic damages, including, but not limited to, physical injury and physical and emotional pain and suffering which will continue into the future.

WHEREFORE, Plaintiff prays for judgment against Rivera and City, jointly and severally, for:

    a.    Compensatory damages in an amount that will fully and fairly compensate him for his injury, damage and loss;

    b.    Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

    d.    All such other relief which the Court deems appropriate.

## FOURTH CLAIM FOR RELIEF
### GROSS NEGLIGENCE

53.  Plaintiff realleges each and every allegation contained in the preceding paragraphs of his complaint as if fully rewritten herein and further states and alleges as follows:

54.  At all times relevant hereto, Ferenec, Thompson, Gidich and Salgado were under a duty to refrain from engaging in acts or omissions so reckless as to demonstrate a substantial lack of concern and conscious disregard for whether an injury results.

55.  Ferenec, Thompson, Gidich and Salgado owed Plaintiff a duty not to conduct themselves in a grossly negligent manner.

56.  Ferenec, Thompson, Gidich and Salgado breached that duty by acting willfully, wantonly and in reckless disregard for the safety of Plaintiff and without any provocation or legal justification, thereby acting grossly negligent.

57.  As a direct result of the actions of Ferenec, Thompson, Gidich and Salgado, Plaintiff sustained the injuries set forth above.

58.  Plaintiff should be granted punitive damages because Ferenec, Thompson, Gidich and Salgado acted negligently, with wanton and reckless disregard of federal and state laws.

WHEREFORE, Plaintiff prays for judgment against Officers, jointly, severally, and individually, for:

a.     Compensatory damages in an amount that will fully and fairly compensate him for his injury, damage and loss;

b.     Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

c.     Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

d.     All such other relief which the Court deems appropriate.

## FIFTH CLAIM FOR RELIEF
### NEGLIGENT RETENTION AND/OR SUPERVISING

59.  Plaintiff realleges each and every allegation contained in the preceding paragraphs of his complaint as if fully rewritten herein and further states and alleges as follows:

60.  At all times relevant, Ferenec, Thompson, Gidich and Salgado were employed as police officers of City.

61.  At all times relevant, Ferenec, Thompson, Gidich and Salgado were incompetent to serve as police officers as they have a history of violating the constitutional rights of citizens, using excessive force, and making warrantless searches and arrests without probable cause.

62.  At all times relevant, Rivera and City had actual or constructive knowledge of Ferenec, Thompson, Gidich and Salgado incompetence, and knew or should have know, they were incompetent to serve as police officers.

63.  Rivera and City owed a duty to protect and insure the safety of Plaintiff.

64.  Ferenec, Thompson, Gidich and Salgado's negligent acts and/or omissions, were a direct and proximate cause of Plaintiff's injuries and damages.

65.  Rivera and City were negligent in retaining and/or supervising Ferenec, Thompson, Gidich and Salgado.

66.  Rivera and City's negligence in retaining and/or supervising Ferenec, Thompson, Gidich and Salgado were direct and proximate causes of Plaintiff's injuries and damages.

WHEREFORE, Plaintiff prays for judgment against Rivera and City, jointly and severally, for:

a.  Compensatory damages in an amount that will fully and fairly compensate him for his injury, damage and loss;

b.  Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988;

and

d.    All such other relief which the Court deems appropriate.


Respectfully submitted,


MARK G. PETROFF  #0019634
1288 Abbe Road North
Elyria, OH 44035
Phone:  440-365-8800
Fax:  440-365-2001
mgp@petrofflaw.com
Attorney for Plaintiff


## JURY DEMAND

Plaintiff hereby demands a trial by jury comprised of the maximum number of jurors allowed by law.


MARK G. PETROFF  #0019634
Attorney for Plaintiff